1  Patrick D. Goggin, Esq. SBN 182218
   Hoban Law Group
2  870 Market Street Suite 1148
   San Francisco, CA 94102
3  Telephone: 650 238 9119

4  Attorneys for Non-Party
   STACY MALKAN
5

**FILED**

JAN 12 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6            **UNITED STATES DISTRICT COURT**

7          **NORTHERN DISTRICT OF CALIFORNIA**

8              **SAN FRANCISCO DIVISION**         **DMR**

9                        CV 18    Case No.  007MISC

10  KEVIN FOLTA, PhD,,

11            Plaintiff,                )  Underlying litigation:
         vs.                            )  *Folta v. The New York Times Company et al*
12                                       )  Case No.1:17-cv-00246-MW-GRJ in the
    THE NEW YORK TIMES COMPANY           )  United States District Court for the Northern
13  and ERIC LIPTON,                     )  District of Florida
                                         )
14            Defendants.                )  **NON-PARTY STACY MALKAN'S**
                                         )  **NOTICE OF MOTION AND MOTION**
15                                       )  **TO QUASH**
                                         )  **SUBPOENA; MEMORANDUM OF**
16                                       )  **POINTS AND AUTHORITIES**
                                         )
17                                       )  District Judge:
                                         )  Date:
18                                       )  Time:
                                            Courtroom:
19                                          Location:

20

21  _____

22

23  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

24       **PLEASE TAKE NOTICE** that on _____ at 9:00 a.m. in Courtroom __ of the

25  United Stated District Court, San Francisco Division, located at 450 Golden Agate Avenue, San

26  Francisco, California 94102, Non-Party Stacy Malkan ("Malkan") will, and hereby does, move,

27  pursuant to Fed. R. Civ. P. 45(d)(3)(A), to quash the Subpoena *duces tecum* and *ad*

28

*testificandum* served on Malkan by Plaintiff Kevin Folta in the above-cited underlying case (the "Subpoena").

This motion is made on the grounds that the Subpoena subjects Malkan to undue burden because (i) with respect to the command that she appear for a deposition, she has no information whatsoever relevant to the issues in the underlying case and the person who directs her organization along with her, who does have some such knowledge, is being made available for a deposition; and (ii) requiring production of certain of the categories of documents called for in the Subpoena would impose an extreme burden on Malkan while the documents called for have no relevance whatsoever to the issues in the underlying case; and as to the remaining categories, Malkan has no responsive documents in her possession.

## STATEMENT OF ISSUES TO BE DECIDED

1.  Whether compelling Non-Party Malkan to appear for a deposition would impose an undue burden when she has no knowledge of any information relevant to the issues in the underlying case and her colleague who works with her in her organization, and who does have some such knowledge, is being made available for a deposition.

2.  Whether compelling Non-Party Malkan to review, identify and produce thousands of pages of documents to respond to the duces tecum portion of the Subpoena would impose an undue burden where none of the documents requested, and which she has in her possession, has any relevance whatsoever to the issues in the underlying case.

DATED: January 12, 2018

HOBAN LAW GROUP

By: _____

Patrick D. Goggin

Attorneys for Non-Party Stacy Malkan

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND

The underlying case in which the Subpoena was served on Ms. Malkan is *Folta v. The New York Times Co., et al.*, Case No. 1:17-cv-246-MW-GRJ, pending in the U.S. District Court for the Northern District of Florida (the "Folta Case"). In the Folta Case, Plaintiff Kevin Folta, a professor at the University of Florida, an expert in plant genetics and genomics, alleges that he was defamed and placed in a false light by an article published by the New York Times, authored by reporter Eric Lipton, also named as a defendant in the case. *See* Folta Case, Amended Complaint, ECF No. 19, attached hereto as Exhibit 1. The article was published in September 2015. Prof. Folta alleges that this article, to promote a view opposed to manufacture and use of genetically modified foods ("GMO's"), misrepresented him as a "covertly paid operative of one of the largest and controversial companies in America, Monsanto, a company that produces GMO products." *Id.* ¶5.

The Amended Complaint references "anti-GMO activists" who allegedly "began submitting FOIA requests for emails over forty scientists working in biotechnology at public universities," including the University of Florida; and alleges that the Times and the reporter "obtained the materials from these FOIA requests, as part of the article at issue in this lawsuit.". *Id.* ¶26.

The Defendants filed a motion to dismiss, and the District Court granted that motion in part, dismissing a count of intentional infliction of emotional distress but declining to dismiss the count of defamation and false light. Folta Case, Order on Motion to Dismiss, ECF No. 34, attached hereto as Exhibit 2. Thereafter, in a CMO, the Court ordered the parties to file a joint report setting out the exact statements from the news article at issue that Prof. Folta alleges are defamatory; and Defendants' response to each statement detailing supportive source records. A copy of that Joint Report, Folta Case ECF No. 44, is attached hereto as Exhibit 3.

Non-Party Malkan is a co-director of a California nonprofit corporation called U.S. Right to Know ("USRTK"), which promotes transparency and accountability in the U.S. food

1    system. Declaration of Stacy Malkan, attached hereto as Exhibit 4 ("Malkan Decl.") ¶ 1. The

2    other co-director is Gary Ruskin. *Id.* ¶6. Mr. Ruskin was campaign manager for, and Ms.

3    Malkan was the communications director of, the principal ballot committee supporting

4    Proposition 37, an initiative appearing on the California general election ballot in 2012 that

5    would have required certain labeling of food products disclosing the use of genetic engineering.

6    *Id.* ¶ 11.

7         Mr. Ruskin submitted a number of FOIA requests to public universities, including

8    the University of Florida. In his Rule 26(a)(1) Disclosures, Folta Case, ECF No. 40, attached

9    hereto as Exhibit 5, Prof. Folta identified Mr. Ruskin and Ms. Malkan as likely to have

10   discoverable information, indicating that Mr. Ruskin "has knowledge of his contacts with Eric

11   Lipton including the production of documents he received from his public records requests…"

12   *Id.* at 2 ¶A(4). The Disclosures claim that Ms. Malkan "has knowledge of USRTK's public

13   record requests and contact with the Defendants prior to the article." *Id.* ¶A(6).

14        Plaintiff, Prof. Folta, served on Mr. Ruskin a subpoena commanding him to appear

15   for a deposition in San Francisco and calling for production of a number of categories of

16   documents. Declaration of Joseph E. Sandler, attached hereto as Exhibit 6 ("Sandler Decl.") ¶2

17   & Exhibit A thereto. Mr. Ruskin has agreed to appear for a deposition in San Francisco on

18   January 31, 2018, and to produce documents in response to a number of the requests. Id. ¶¶ 3-4.

19   Mr. Ruskin served on counsel for Plaintiff, objections to a number of other document requests.

20   Sandler Decl. ¶3. Mr. Ruskin is  in the process of identifying and reviewing, and Mr. Ruskin

21   will be producing prior to his deposition, thousands of pages of responsive documents. *Id.* ¶4.

22        On January 1, 2018, Prof. Folta also served a subpoena on Mr. Malkan, commanding

23   her to appear for a deposition on January 15, 2018 (a national holiday), in San Francisco, and

24   calling for production of a number of categories of documents. Subpoena attached as Exhibit A

25   to Malkan Decl. (the "Subpoena"). Ms. Malkan, however, has no information relevant to the

26   issues in the case. She is not referred to in the Joint Report. (Ex. 3 hereto). She played no role

27   whatsoever in the submission of the FOIA requests referenced in the Amended Complaint.

28   Malkan Decl. ¶7. She did not provide any information or documents for the New York Times

1  article at issue and never spoke to or communicated with the reporter, Mr. Lipton, about that

2  article. *Id.* ¶6. Thus, contrary to Plaintiff's Initial Disclosure, it is not the case that Ms. Malkan

3  has any "knowledge of USRTK's public record requests [to the University of Florida] and

4  contact with the Defendants prior to the Articles."

5  

**MEET AND CONFER**

6  On January 9, 2018, counsel for Ms. Malkan wrote to counsel for Plaintiff setting

7  out all of the facts explained in this Motion and requesting withdrawal of the Subpoena. *See*

8  Sandler Decl. ¶5 & Ex. B thereto. The letter invited counsel for Plaintiff to discuss the matter

9  further by telephone if it would be helpful or if Plaintiff believed Ms. Malkan had material

10  information that she had overlooked. *See Id.* at 4.  Ms. Malkan's counsel received no response

11  to this letter. Sandler Decl. ¶5.

12  **II.    ARGUMENT**

13

14  Under Fed. R. Civ. P. 45(c)(1), any party serving a subpoena on a non-party "must

15  take reasonable steps to avoid imposing undue burden or expense on a person subject to the

16  subpoena." "The Ninth Circuit has long held that nonparties subject to discovery requests

17  deserve extra protection from the courts." *High Tech Medical Instrumentation, Inc. V. New*

18  *Image Indus., Inc.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. Columbia*

19  *Broadcasting System,* 666 F.2d 364, 371-72 (9th Cir. 1992)).

20  On the motion of a non-party opposing a subpoena, the court must "quash or modify

21  a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A "court

22  determining the propriety of a subpoena balances the relevance of the discovery sought, the

23  requesting party's need and the potential hardship to the party subject to the subpoena."

24  *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006).

25

26

27

28

## A. Compelling Malkan to Appear for a Deposition Would Impose an Undue Burden

"Any information sought by means of a subpoena must be relevant to the claims and defenses in the underlying case. . . . Overbroad subpoenas seeking irrelevant information may be quashed or modified." *Google v. Gonzales*, 234 F.R.D. at 680.  In that regard, "'On a Rule 45 motion to quash a subpoena, the moving party has the burden of persuasion but the party issuing the subpoena must demonstrate that the discovery sought is relevant.'" *Lemberg Law, LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 WL 3231300 at *5 (N.D. Cal., June 13, 2016) (quoting *Pers. Audio LLC v. Togi Enm't, Inc.*, No. 14-mc-80025 RS, 2014 WL 1318921 at *2 (N.D. Cal., March 31, 2014)). If the information sought is "'not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition "undue."'" *Gonzales v. Google*, 234 F.R.D. at 680 (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329 335-36 (N.D. Cal. 1995)). "[C]ourts have quashed subpoenas where the issuing party has failed to explain 'what non-privileged, relevant information [the subpoenaed witness] could offer.'" *Audio MPEG, Inc. v. HP Inc.*, No. 16-mc-80271-HRL, 2017 WL 950847 at *3 (N.D. Cal, March 10, 2017) (quoting *Unigene Labs., Inc. v. Apotex, Inc.*, No. C0-7-80219 SI, 2007 WL 2972931 at *3-4 (N.D. Cal., Oct. 10, 2007)).

In this case, compelling Ms. Malkan to attend and sit for a deposition would itself, impose an "undue" burden on her because she no knowledge whatsoever of any facts that are in any way relevant to the issues in the Folta Case. As explained above, she did not provide any documents or information to the reporter for this article, did not discuss it with him or communicate with him about it in any way and did not obtain any of the documents that Plaintiff alleges were obtained through FOIA requests and then relied on by the reporter.  As noted, Plaintiff represented to the Court and Defendants, in his Initial Disclosures, that Ms. Malkan would be served with discovery only because she "has knowledge of USRTK's public record requests [to the University of Florida] and contact with the Defendants prior to the Articles", but that statement is entirely untrue.

1    Further, compelling Ms. Malkan to appear for a deposition would be particularly

2   unreasonable given that the information sought is available from, and is being provided to

3   Plaintiff, by her co-director, Mr. Ruskin. "'If the party seeking information can easily obtain the

4   same information without burdening the non-party, the court will quash the subpoena.'" *Amni*

5   *Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014)

6   (deposition subpoena quashed where value of witness' testimony is "low or at best unknown"

7   and information obtainable from another party) (quoting *Precourt v. Fairbank Reconstruction*

8   *Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011). Courts have quashed subpoenas where the

9   information sought from a non-party could as easily be obtained from the opposing party. *E.g.*,

10   *Audio MPEG*, 2017 WL. 950847 at *3-4; *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575,

11   577 (N.D. Cal. 2007); *Moon v. SCP Pool Corp.* 232 F.R.D. 633, 638 (C.D. Cal.2005). In this

12   case, Ms. Malkan's organization is making the information available sought from her co-

13   director, Mr. Ruskin. There is no reason whatsoever to burden her with a deposition.

14   **B.   The Document Request Portion of the Subpoena Should Also be Quashed**

15   The document request portion of the Subpoena should also be quashed because (i) as to

16   certain of the categories of documents called for in the Subpoena would impose an extreme

17   burden on Malkan while the documents called for have no relevance whatsoever to the issues in

18   the underlying case; and (ii) as to the remaining categories, Malkan has no responsive

19   documents in her possession. Following are Ms. Malkan's positions with respect to each of the

20   document requests set forth in the Subpoena:

21   **Request No. 1:** "All correspondence, including emails, voicemails, and text messages,

22   between USRTK and The New York Times, Company, its agents, employees, staff, editors,

23   writers, researchers and journalists, including but not limited to Eric Lipton from January 2013,

24   to Present." Ms. Malkan has no correspondence between herself and Eric Lipton relating to the

25   Plaintiff, Kevin Folta, and/or the University of Florida, up to the date of the publication of the

26   article at issue (September 5, 2015). Malkan Decl. ¶6. To the extent this request calls for any

27   other documents, they would be irrelevant to any issues in this case and, accordingly, the burden

28

1   imposed on Ms. Malkan of searching for and producing such documents "would be by

2   definition 'undue.'" *Gonzales v. Google*, 234 F.R.D. at 680.

3         **Request No. 2:** "All public record requests directed to The University of Florida and the

4   documents you received in response thereto." Ms. Malkan has no responsive documents.

5   Malkan Decl. ¶7.

6         **Request No. 3:** "All correspondence, including emails, voicemails, and text

7   messages, between USRTK and Charles Benbrook."   While certain actions and statements of

8   Dr. Benbrook are at issue in the case, none of the supportive records identified by the

9   Defendants in the Joint Report (Ex. 3 hereto) in any way relate to any communications between

10  Ms. Malkan and Dr. Benbrook.  The documents requested thus have no relevance whatsoever to

11  the issues in this case so again, requiring Ms. Malkan to search and produce such documents

12  would impose an undue burden.

13        **Request No. 4:**  "All tweets by you and USRTK related to the September 5, 2017

14  New York Times article titled 'Food Industry Enlisted Academics in G.M.O. Lobbying War,

15  Emails Show." This identical request is included in the subpoena directed to Mr. Ruskin

16  (Sandler Decl. (Ex. 6 hereto) Ex. A, document request no. 4).  Mr. Ruskin is responding to that

17  request, without objection.  Therefore, there is no need to seek the same documents from Ms.

18  Malkan.

19        **Request No. 5**: "All peer-reviewed literature, published prior to September 2015,

20  which you contend supports the position that 'G.M.O.' food presents an increased risk of harm

21  to consumers compared to 'non-G.M.O.' food." The request does not accurately reflect

22  USRTK's position on GMO's, which is set forth on the organization's website. Interpreting this

23  request to call for producing all peer-reviewed literature published prior to September 2015 that

24  would support such a position, requiring Ms. Malkan to search for and produce such documents

25  would impose an undue burden.  USRTK's position on GMOs and pesticides is not at issue in

26  this case.  The statements alleged by Plaintiff to be defamatory, following disposition of

27  Defendants' Motion to Dismiss, are set out by Plaintiff in the Joint Report (Ex. 3 hereto) and do

28

1   not include any statement concerning the increased risk of harm to consumers from GMO food

2   and does not make any reference to USRTK's position on GMOs.

3   **Request No. 6:** "All documents that you contend show 'the food industry's efforts to

4   manipulate scientists into advancing pro-genetically-modified propaganda" as stated by you and

5   quoted in https://www.wired.com/2015/02/anti-gmo-activist-seeks-expose-emails-food-

6   scientists/;" Ms. Malkan made no such statement.  The only USRTK official quoted in the cited

7   article was Gary Ruskin. In any event, the requested documents have no relevance to the issues

8   in this case.  As this Request indicates on its face, the article from which the statement is taken

9   is from the publication *Wired* and is not the subject of any defamation claim in this case.

10  **Request No. 7:** "All documents that you contend show 'the agri-chemical industry has

11  spent $100 million in a massive public relations campaign' as stated by you and quoted in

12  https://www.wired.com/2015/02/anti-gmo-activist-seeks-expose-emails-food-scientists/"

13  Again, Ms. Malkan was not quoted in the cited article, the cited article is not at issue in the

14  Folta Case and thus the documents requested have no conceivable relevance to the issues in that

15  case.

16  **Request No. 8:** "All documents you reviewed prior to January 2015 that you contend

17  provided support to your article, "*Seedy Business: What Big Food is Hiding with its GMO PR*

18  *Campaign*, 'http://usrtk.org/gmo/seedy-business/, by Gary Ruskin." Ms. Malkan was not an

19  author of the *Seedy Business* report. Malkan Decl. ¶10. Thus there are no documents that could

20  be responsive to this request.

21  **Request No. 9:** "Your entire file, including witness statements, literature,

22  correspondence and notes, related to your article, '*Seedy Business: What Big Food is Hiding*

23  *with its GMO PR Campaign*,' http://usrtk.org/gmo/seedy-business/, by Gary Ruskin" Ms.

24  Malkan was not an author of the *Seedy Business* report. Malkan Decl. ¶10. Thus there are no

25  documents that could be responsive to this request.

26  **Request No. 10**: "All correspondence and documents related to your support for

27  Proposition 37: Genetically Engineered Foods, Mandatory Labeling in California" Ms. Malkan

28  served as communications director for the principal ballot committee advocating for Proposition

1    37.  Malkan Decl. 11. This request essentially calls for Ms. Malkan to reconstruct and produce

2    all of her files relating to her work for the ballot committee—many thousands of pages-- many

3    of which would reveal confidential campaign strategy deliberations and decisions. *Id.*

4    Compelling disclosure of that information would not only impose an undue burden on Ms.

5    Malkan, requiring many days or perhaps weeks of her time, particularly five years after the

6    campaign was ended, but would violate the First Amendment rights of association of the

7    officers and supporters of the ballot committee.  At the same time, the basis for Ms. Malkan's

8    support for Proposition 37 has no relation whatsoever to any issue in this case.

9    **Request No. 11:** "All documents you provided to The New York Times and Eric Lipton

10   prior related to any public record request in 2015" This request is incomprehensible, and Ms.

11   Malkan is therefore unable to respond to it.

12   Thus, every one of the document requests would either impose an undue burden on Ms.

13   Malkan or calls for documents that she does not have in her possession, custody or control.  For

14   this reason, the document request portion of the Subpoena should also be quashed.

15

16   **CONCLUSION**

17   For the reasons set forth above, Non-Party Stacy Malkan's Motion to Quash the

18   Subpoena should be granted.

19

20   Dated:  January 12, 2018          HOBAN LAW GROUP

21

22   By: _____

23   Patrick D. Goggin

24   Of counsel:
     Joseph E. Sandler
25   Sandler Reiff Lamb Rosenstein & Birkenstock PC
     1090 Vermont Avenue NW
26   Washington DC 20005
     (20) 479 -1111
27   sandler@sandlerreiff.com
     Attorneys for Non-Party Stacy Malkan
28

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, I served a copy of the foregoing Notice of Motion and Motion of Non-Party Stacy Malkan to Quash Subpoena, by UPS, overnight courier and by e-mail, on:

Bryan D. Hull, Esq.
James J. Evangelista, Esq.
Bush Ross, P.A.
1801 N. Highland Avenue
Tampa, FL 33602
jevangelista@bushross.com

James E. Beasley, Jr., Esq.
Lane R. Jubb, Jr., Esq.
The Beasley Law Firm LLC
1125 Walnut Street
Philadelphia, PA 19107
Jim.Beasley@BeasleyFirm.com
Lane.Junn@beasleyfirm.com

Attorneys for Plaintiff Kevin Folta PhD

Gregg D. Thomas, Esq.
Carol Jean LoCicero, Esq.
Mark R. Caramanica, sq.
Thomas & LoCicero PL
601 South Boulevard
Tampa, FL 33606
gthomas@tlolawrfirm.com
carol.locicero@tlolawfirm.com
mcaramanica@tlolawfirm.com

Attorneys for Defendants The New York Times Company and Eric Lipton

_/s/Joseph E. Sandler__
Joseph E. Sandler